UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>FRANCISCO VILLANUEVA,<br>a/k/a "Gumby," a/k/a "Pancho,"<br>ADAN JAMES CORONA,<br>a/k/a "Ace Boogie,"<br><br>                    Defendants. | CR. 17-50049-02 & 03-JLV<br><br>ORDER |

**INTRODUCTION**

The government provided a supplemental notice of expert witness as to Ms. Gerhardt-Whiddon.[1]  (Docket 565).  Both defendants filed Daubert[2] challenges to Ms. Gerhardt-Whiddon's testimony.  (Docket 583 & 588).  The government filed a response to defendants' challenges.  (Docket 616).  For the reasons stated below, defendants' Daubert challenges are denied.

---

[1]The only difference between the initial notice and the supplemental notice was the inclusion of one additional laboratory report dated November 10, 2020.  Compare Dockets 394 at p. 3 & 565 at p. 3.

[2]Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993).

# ANALYSIS

## LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence governs testimony by expert witnesses and states as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a)   the expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b)   the testimony is based on sufficient facts or data;
> >
> > (c)   the testimony is the product of reliable principles and methods; and
> >
> > (d)   the expert has reliably applied the principles and methods to the facts of the case.

Id. "Rule 702 does not rank academic training over demonstrated practical experience." United States v. Roach, 644 F.3d 763, 764 (8th Cir. 2011).

The trial court must ensure that expert testimony or evidence admitted is not only relevant, but reliable. Daubert, 509 U.S. at 589.[3] Faced with a proffer of expert testimony, the court must determine at the outset whether the expert is proposing to testify to (1) scientific, technical, or other specialized knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. Id. at 592. "Federal Rule of Evidence 702 provides that an expert may testify if it will assist the trier of fact to understand the evidence or determine a fact in

---

[3]Although Daubert deals specifically with expert testimony based on scientific knowledge, the Supreme Court extended the principles in Daubert to all expert testimony. Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 141 (1999).

2

issue." United States v. Geddes, 844 F.3d 983, 991 (8th Cir. 2017) (internal quotation marks and citation omitted).  The trial court's decision to admit expert testimony is reviewed for an "abuse of discretion, according it substantial deference."  United States v. Bailey, 571 F.3d 791, 803 (8th Cir. 2009).

Vigorous cross-examination, presentation of contrary evidence and careful instruction on the government's burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.  Daubert, 509 U.S. at 596.  See also Johnson v. Mead Johnson & Co., LLC, 754 F.3d 557 (8th Cir. 2014) (same).

Relevant to this case, Ms. Gerhardt-Whiddon is a former forensic examiner with the Evidence Section of the Rapid City Police Department. (Docket 565 at p. 1).  Her CV is attached to the original notice.  (Docket 394-1). The government points out Ms. Gerhardt-Whiddon holds certifications issued by the International Association of Identification as a latent print examiner and a crime scene analyst.  Id. at p. 2.

The government's notice indicates Ms. Gerhardt-Whiddon will testify the absence of a positive latent fingerprint "does not mean the items were not touched by a particular individual."  (Docket 565 at p. 2).  "Ms. Gerhardt-Whiddon will testify to the latent fingerprints and inked impressions she examined in relation to this case.  She will testify to her conclusions as to whether latents were identified, whether they were used for comparison, and whether persons were identified as donors of particular latent fingerprints."  Id.

3

at pp. 2-3.  Her four identified reports of fingerprint analyses were previously provided to the defendants in discovery.  Id. at p. 3.

Defendants' Challenges

Both defendants filed Daubert challenges to Ms. Gerhardt-Whiddon's testimony.  (Docket 583 & 588).  Mr. Villanueva's principal challenge asks the government to amend its' notice "to provide all expert conclusions that it intends to have Ms. Gerhardt-Whiddon testify to."  (Docket 583 at p. 1).  Mr. Corona objects to the admission of the witness' testimony "that the results of fingerprint testing on items in this case does not mean the items were not touched by a particular individual."  (Docket 588 at p. 1).  He contends this "proposed testimony . . . is misleading, it invites speculation and conjecture by the jury, and is irrelevant to any material issue in dispute."  Id. at p. 2.  Mr. Corona suggests the statement seeks to ask the jury to "engage in speculation and conjecture that he may have touched the item" when "the government doesn't have fingerprint evidence to prove Corona touched an item[.]"  Id.

Government's Response

The government represents that every report authored by Ms. Gerhardt-Whiddon "has been disclosed to the defense."  (Docket 616 at p. 1).  Among the most important conclusions reached by the witness, the government submits "she will testify to locating Villanueva's fingerprint on the gold Honda associated with the murder and in which [Mr. Brewer's] blood was also located."  Id.  The government contends Mr. Villanueva does not "raise any issues regarding the standards set forth in Daubert and its progeny regarding

4

Ms. Gerhardt-Whiddon's testimony and his <u>Daubert</u> challenge should be denied." <u>Id.</u> at p. 2.

In response to Mr. Corona's challenge, the government submits the Eighth Circuit "found that '[i]t is not an abuse of discretion to allow an expert witness to testify as [to] a lack of physical evidence as long as the expert's opinion does not usurp the jury's role of assessing whether the event occasioning the evidence actually occurred.' " <u>Id.</u> at pp. 2-3 (citing <u>United States v. Conroy</u>, 424 F.3d 833, 839 (8th Cir. 2005) (quoting <u>United States v. Kirkie</u>, 261 F.3d 761, 766 (8th Cir. 2001)). The government acknowledges "the evidence will be that Corona's fingerprints were not located on the 9mm weapon or its magazines and ammunition, despite eyewitness testimony that [it] was the gun he fired at [Mr.] Brewer." <u>Id.</u> at p. 3. Despite the lack of fingerprint evidence, the government argues "[i]t is essential the jury not be misled into believing that the lack of fingerprints exonerates him, which is likely what the defendant

will argue." <u>Id.</u> Rather, the government argues the defendants will be permitted to cross-examine the witness "during trial regarding her qualifications, methods, findings, and peer review and the jury will make the determination if her testimony is credible." <u>Id.</u> at p. 4.

Ruling

"[E]xpert testimony regarding fingerprint evidence should, subject to sufficient trial court oversight, be regarded as satisfying <u>Daubert</u> and <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 . . . (1999)." <u>United States v. Hernandez</u>,

5

299 F.3d 984, 991 (8th Cir. 2002).  "Fingerprint evidence and analysis is generally accepted."  United States v. Janis, 387 F.3d 682, 689 (8th Cir. 2004) (citing United States v. Collins, 340 F.3d 672, 682 (8th Cir. 2003)).  "While the principles underlying fingerprint identification have not attained the status of scientific law, they nonetheless bear the imprimatur of a strong general acceptance, not only in the expert community, but in the courts as well."  Id. at 690 (citing United States v. Crisp, 324 F.3d 261, 268 (4th Cir. 2003)).

"[D]ifferent agencies may require different degrees of correlation before permitting a positive identification, fingerprint analysts are held to a consistent 'points and characteristics' approach to identification.  Analysts are also consistently subjected to testing and proficiency requirements."  Crisp, 324 F.3d at 269.

By her CV, Ms. Gerhardt-Whiddon has the education, training and experience to testify regarding fingerprint identification.  (Docket 394-1).  Her certifications with the International Association of Identification are indices of her peer-group testing, accuracy proficiency and qualification.  Id. at p. 2.  Defendants' Daubert challenge is overruled.

The absence of fingerprint evidence is permitted in expert witness testimony.  "We see little difference between a forensic expert testifying as to the reasons for not finding bodily fluid evidence on a rug, and the common situation of a fingerprint expert testifying as to the reasons for not finding a defendant's fingerprints on an object in question."  Conroy, 424 F.3d at 839.  See also United States v. Ellis, 817 F.3d 570, 577 (8th Cir. 2016) ("[T]he

6

government's experts explained why DNA and fingerprint evidence may be difficult to recover from a firearm, and the jury was entitled to consider these explanations in reaching its conclusion that Ellis possessed the firearm despite the absence of DNA and fingerprint evidence."); United States v. Bridgeforth, 772 Fed. Appx. 371, 373 (8th Cir. 2019) ("As a government witness explained, firearms rarely provide fingerprint evidence[.]").

Ms. Gerhardt-Whiddon's testimony regarding the absence of fingerprints on the firearm and ammunition magazine will help the jury understand the evidence or absence of evidence and then "determine a fact in issue." Geddes, 844 F.3d at 991.  Defendants' challenge to the subject matter of Ms. Gerhardt-Whiddon's testimony is overruled.

## ORDER

Based on the above analysis, it is

ORDERED that defendants' Daubert challenges (Docket 583 & 588) are denied.

Dated September 8, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

7