UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>FRANCISCO VILLANUEVA,<br>a/k/a "Gumby," a/k/a "Pancho,"<br>ADAN JAMES CORONA,<br>a/k/a "Ace Boogie,"<br><br>                    Defendants. | CR. 17-50049-02 & 03-JLV<br><br>ORDER |

**INTRODUCTION**

The government provided a notice of expert witness as to South Dakota Division of Criminal Investigation Special Agent ("S.A.") Brent Gromer.  (Docket 488).  Both defendants filed Daubert[1] challenges to S.A. Gromer's testimony.  (Docket 579 & 587).  The government filed a response to defendants' challenges.  (Docket 617).  Defendants' filed a reply brief in support of their challenge.  (Docket 632).  For the reasons stated below, defendants' Daubert challenges are denied.

---

[1]Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 592 (1993).

## ANALYSIS

<u>LEGAL STANDARD</u>

Rule 702 of the Federal Rules of Evidence governs testimony by expert witnesses and states as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a)   the expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b)   the testimony is based on sufficient facts or data;
> >
> > (c)   the testimony is the product of reliable principles and methods; and
> >
> > (d)   the expert has reliably applied the principles and methods to the facts of the case.

<u>Id.</u> "Rule 702 does not rank academic training over demonstrated practical experience." <u>United States v. Roach</u>, 644 F.3d 763, 764 (8th Cir. 2011).

The trial court must ensure that expert testimony or evidence admitted is not only relevant, but reliable. <u>Daubert</u>, 509 U.S. at 589.[2]  Faced with a proffer of expert testimony, the court must determine at the outset whether the expert is proposing to testify to (1) scientific, technical, or other specialized knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. <u>Id.</u> at 592.  "Federal Rule of Evidence 702 provides that an expert may testify if it will assist the trier of fact to understand the evidence or determine a fact in

_____

[2]Although <u>Daubert</u> deals specifically with expert testimony based on scientific knowledge, the Supreme Court extended the principles in <u>Daubert</u> to all expert testimony.  <u>Kumho Tire Co. Ltd. v. Carmichael</u>, 526 U.S. 137, 141 (1999).

issue." <u>United States v. Geddes</u>, 844 F.3d 983, 991 (8th Cir. 2017) (internal quotation marks and citation omitted).  The trial court's decision to admit expert testimony is reviewed for an "abuse of discretion, according it substantial deference." <u>United States v. Bailey</u>, 571 F.3d 791, 803 (8th Cir. 2009).

Vigorous cross-examination, presentation of contrary evidence and careful instruction on the government's burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.  <u>Daubert</u>, 509 U.S. at 596.  <u>See</u> <u>also</u> <u>Johnson v. Mead Johnson & Co., LLC</u>, 754 F.3d 557 (8th Cir. 2014) (same).

<u>GOVERNMENT'S NOTICE</u>

The government provided a notice of expert witness as to S.A. Gromer. (Docket 488).  S.A. Gromer's curriculum vitae ("CV") is attached to the government's notice.  (Docket 488-1).  Since 2010, S.A. Gromer has been a member of the South Dakota Internet Crimes Against Children ("ICAC") Unit and is currently the ICAC Commander.  <u>Id.</u> at p. 1.

The notice indicates "[b]ased on his training and experience and based upon published materials," S.A. Gromer will testify "to the functionality and features of Facebook."  (Docket 488 at p. 1).  According to the government, the specific areas of his testimony in this case are:

> A.    Agent Gromer is familiar with features of Facebook. . . . [He] is familiar with understanding Facebook records returned by the company pursuant to search warrants. Such records include information that is not necessarily visible to individual users when utilizing Facebook on their computers or phones, such as information on URL links, IP addresses,

time and date messages or data are sent, and user identification data.

B.      Agent Gromer will testify that in Facebook records when a user is identified as an "author" it means that is the user who originated the transmission.

C.      Agent Gromer will testify Facebook can be used to make audio calls between users and users can leave each other voicemails that are retained in Facebook records.  In records, the user who made the audio call would be identified in records as the "author."

D.      Agent Gromer will testify Facebook records can identify whether a user deleted messages.

E.      Agent Gromer will testify to commonly used Facebook terminology.

Id. at pp. 1-2.  The government's notice represents that S.A. Gromer has testified numerous times in South Dakota state court and federal court.  Id. at p. 2.

Defendants' Challenges

Both defendants filed Daubert challenges to the government's notice of S.A. Gromer.[3]  (Dockets 579 & 587).  Defendants contend "[w]hile it is clear that Agent Gromer has significant experience with law enforcement, investigations, and digital evidence collection and forensics, it is murky, at best, as to his experience with 'functionality and features of Facebook.' " (Docket 579 at p. 2).  Addressing the agent's training, defendants argue his "CV does not reference any training generally to Facebook, or specifically to its

---

[3]Unless otherwise indicated a citation to one of the defendant's submissions is intended to apply equally to the other defendant's argument.

features and functionality.  In fact, the [agent's] CV never references any specific experience or training regarding Facebook at all."  (Docket 587 at p. 1).

In addition to asserting S.A. Gromer is not qualified to express "an expert opinion on Facebook's functionality and features," defendants assert "the government's notice is vague as to what his opinions are."  Id. at p. 2.  As an example, defendants point out the notice indicates the agent "believes that Facebook records can identify whether a user deleted messages, but no specifics are given as to whether he believes that occurred in this case, where it occurred, what suggests it occurred[.]"  Id.  Finally, defendants claim the notice is deficient because it states the agent's "opinions 'will be to a reasonable degree of certainty' without identifying any standard by which this reasonable degree of certainty will be compared."  Id.

"For these reasons," defendants ask the court to "prohibit the government from introducing or eliciting testimony from Gromer on the matters listed in its notice.  Alternatively, prior to admitting this evidence, the Court should conduct an evidentiary hearing[.]"  Id. at pp. 3-4.

Government's Response

The government opposes defendants' challenges.  (Docket 617).  The government asserts S.A. Gromer's testimony is "experienced-based."  Id. at p. 2 (internal citation omitted).  S.A. Gromer "is qualified to testify to numerous topics related to electronic service providers, including Facebook" according to the government "and has been permitted to testify regarding such electronic service providers previously."  Id. (federal cases referenced omitted).

The government argues the agent's "testimony is relevant and will aid the jury in understanding Facebook as an online communication forum, which some jurors may not use and is foreign to them." Id. at p. 3.  By way of example, the government submits "when Facebook designates a user as an 'author' of an audio file it means that user is the one who initiated the communication." Id.  In the government's view, authorship is important "because Corona made an audio file recording admitting to his relevant conduct in this case." Id. at pp. 3-4.  Because the users' language on Facebook may be foreign to non-users, the government submits some "translation" may be necessary and the agent "is qualified to offer those explanations based on his extensive experience regarding Facebook and other online communications." Id. at p. 4.

For these reasons, the government asks that defendants' objections be overruled and S.A. Gromer be permitted to testify consistent with the government's notice.  Id. at p. 4.

Defendants' Reply

Defendants contend "[t]he fact that [S.A. Gromer] has 'experience' and is 'familiar with understanding Facebook records returned by the company pursuant to search warrants,' . . . does not make him an expert." (Docket 632 at p. 1).  Arguing the witness "has no specific training regarding Facebook," the defendants submit his experience "offers nothing to suggest that his experience will provide the jury with opinions that can be tested, have been subject to peer

6

review, contain error rates, what his methods and procedures are and whether they have been generally accepted in the community of Facebook experts."  Id.

Asserting the government has not provided a "summary of his testimony, and there are no reports containing this information," defendants argue they have "no idea what other assertions or opinions Gromer will render."  Id. at p. 2.  In the context of Facebook, defendants are concerned "[i]nterpretation is inherently subjective, and may invade the province of the jury to make assessments as to what various terms or phrases mean within the context of the record."  Id.  Defendants argue the witness lacks the expertise to interpretate the Facebook records in this case.  Id.

Ruling

"Facebook is a worldwide social networking company that: (i) builds tools that enable users to connect, share, discover, and communicate with each other; (ii) enables developers to build social applications of Facebook or to integrate their websites with Facebook; and (iii) offers products that enable advertisers and marketers to engage with its users."  In re Facebook, Inc., IPO Sec. & Derivative Litig., 288 F.R.D. 26, 31 (S.D.N.Y. 2012).  "As of February 2, 2012, Facebook had 845 million monthly users and 443 million daily users."  Id.

Since approximately 2015, S.A. Gromer testified many times in this court's criminal jury trials.  His testimony included areas as to the accuracy and completeness of an application such as Facebook to produce its records pursuant to a search warrant, explanations of the contents of Facebook and

other applications which, in the court's view, were beyond the ordinary experience of jurors' involvement with those applications.  Coupled with his familiarity with the investigation in this case, S.A. Gromer's training and experience may permit him to identify the defendants and others on Facebook. The agent's reliability may be established through personal experience and knowledge.  See United States v. Beltran-Arce, 415 F.3d 949, 951-52 (8th Cir. 2005) ("Federal Rule of Evidence 702 permits a district court to allow testimony of a witness whose knowledge, skill, training, experience, or education will assist the trier of fact in understanding an area involving specialized subject matter."); United States v. Peebles, 883 F.3d 1062, 1069-70 (8th Cir. 2018);

The capture of live videos and the authorship of the public posting of videos on Facebook are, in the court's view, examples of technological information beyond the life experiences of an ordinary lay juror.  S.A. Gromer's CV indicates he has been a presenter "to over 5000 people on Internet Safety/ Digital Evidence since 2010."  (Docket 488-1 at p. 8).  If Facebook and the other applications on the internet were matters of common knowledge, S.A. Gromer would not need to expose thousands of individuals, whether lay or law enforcement, to internet safety and digital evidence.

The court finds S.A. Gromer's education, knowledge and experience on internet applications and programs is extensive and includes experience in tracking internet protocol ("IP") addresses, Facebook originations and authorship used to upload files, photographs and other information associated

8

with a user's access on the Facebook application through a computer, laptop, iPhone or Android phone.

S.A. Gromer's specialized knowledge and testimony will assist the jury in understanding the Facebook evidence in this case.  <u>Daubert</u>, 509 U.S. at 592; <u>Geddes</u>, 844 F.3d at 991.  After the government adduces sufficient evidence to support a finding the agent's Facebook testimony is relevant and admissible, each defendant "remains free to challenge the reliability of the evidence, to minimize its importance, or to argue alternative interpretations of its meaning, but these and similar other challenges go to the weight of the evidence—not to its admissibility."  <u>United States v. Vayner</u>, 769 F.3d 125, 131 (2d Cir. 2014) (emphasis omitted).  Defendants' <u>Daubert</u> challenges to S.A. Gromer's testimony are denied.

Defendants' contention that no report has been provided to them as part of the government's notice is misplaced.  Rule 16 requires only that "the government must give the defendant a written summary of any testimony that the government intends to use under Rule[] 702 . . . of the Federal Rules of Evidence during its case-in-chief at trial."  Fed. R. Crim. P. 16(a)(1)(G).  "The summary provided . . . must describe the witnesses opinions, the bases and reasons for those opinions, and the witness's qualifications."  <u>Id.</u>

The court finds the government's notice, summary of the witness' testimony and CV comply with the requirements of Rule 16(a)(1)(G). Defendants' objection to the government's notice is overruled.

## ORDER

Based on the above analysis, it is

ORDERED that the defendants' <u>Daubert</u> challenges to S.A. Gromer

(Dockets 579 & 587) are denied.

Dated September 8, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE